Matter of Anonymous (2018 NY Slip Op 05562)





Matter of Anonymous


2018 NY Slip Op 05562


Decided on July 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 26, 2018


[*1]In the Matter of ANONYMOUS, an Applicant for Admission to the Bar.

Calendar Date: June 25, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Aarons and Pritzker, JJ.



MEMORANDUM AND ORDER
Per Curiam.
Applicant passed the July 2017 New York State bar exam and the State Board of Law Examiners certified him for admission to this Court (see Rules of Ct of Appeals [22 NYCRR] § 520.7). This Court's Committee on Character and Fitness has completed its investigation of the application for admission, including a personal interview of applicant (see Rules of App Div, 3d Dept [22 NYCRR] § 805.1).
Applicant, who is 33 years old, was born in Michigan, where he currently lives and works. He graduated from the University of Michigan in 2007 and Thomas M. Cooley School of Law in 2011. In May 2015, a State Bar of Michigan Character and Fitness Committee concluded that applicant did not possess the requisite good character and fitness necessary for admission to the practice of law in that state, and his admission file there was subsequently closed due to applicant's withdrawal before a Standing Committee on Character and Fitness Hearing. Although applicant became eligible to reapply for admission in Michigan as of July 2017, it does not appear that he has done so.
In any event, while enrolled in law school, applicant was terminated by an employer for embezzlement, pleaded guilty to that crime and was placed on probation. He violated probation twice and failed to disclose either his termination or the underlying criminal matter to Thomas M. Cooley School of Law until he was prompted to do so by bar authorities in Michigan. While applicant maintained on the application submitted to this Court that his failure to disclose was inadvertent, the Michigan Character and Fitness Committee deemed it intentional. That Committee's report also indicated that applicant claimed to have fully reimbursed the employer for its loss, paying the employer approximately $300; nevertheless, applicant admitted to coworkers that he had embezzled close to $5,000.
Applicant has also committed several traffic infractions leading to the suspension of his driver's license on seven different occasions. In addition, there is a $12,363.20 unsatisfied judgment against him in Michigan, and he defaulted on a student loan in July 2015, waiting two years before contacting the loan holder to inquire about his options; the loan remains in default status.
In light of the foregoing, we conclude that applicant does not presently possess the character and general fitness requisite for an attorney and counselor-at-law, and we therefore deny his application (see Judiciary Law § 90 [1] [a]).
ORDERED that the application for admission is denied.
McCarthy, J.P., Egan Jr., Devine, Aarons and Pritzker, JJ., concur.